In the Matter of FRED BRAINARD, Appellant, against E. IVAN RUBENSTEIN, as Surrogate of Kings County, Respondent.— In a proceeding under article 78 of the Civil Practice Act, to compel the Surrogate, Kings County, to admit a will to probate, appeal from the order denying the application and dismissing the proceeding dismissed, without costs, in view of the determination in *Matter of Brainard* (*ante,* p. 841, decided herewith). Present — Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ.

∎

In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Bounded by Concord Street and Other Streets, and Bounded by Sands Street and Other Streets, for Public Purposes, in the Borough of Brooklyn. In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Bounded by Washington Street and Other Streets, Selected for the BROOKLYN HIGH SCHOOL OF SPECIALTY TRADES, in the Borough of Brooklyn. ALEXANDER METTLER, Appellant.— In two condemnation proceedings, claimant, owner of one damage parcel in each proceeding, appeals from those portions of the final decrees, which award $1,677 for one parcel and $10,323 for the other, a total of $12,000. Final decrees, insofar as appealed from, affirmed, with costs. No opinion. Nolan, P. J., Carswell and MacCrate, JJ., concur; Adel, J., dissents and votes to modify the portions of the final decrees from which the claimant appeals by increasing the awards from the total of $12,000 to a total of $15,000, with the following memorandum: The city offered the testimony of two experts in support of its contention as to the value of the property taken. One fixed the value at $15,000, and the other at $11,219. The claimant's expert testified to a value of $22,000. The assessed valuation, fixed by the city and upon which the owner has been paying taxes, is $17,000. It seems to me that it is unconscionable for the condemnor to have two standards of value, one for tax purposes and another for condemnation purposes. The value fixed by the court, which is more than 25% less than the assessed valuation, is shocking. Furthermore, it would appear that too great weight was assigned to the alleged fact that the general neighborhood was of inferior character and that no weight, or insufficient weight, was assigned to the fact that the subject property had a substantial rental value and was suitably adapted and occupied. Wenzel, J., concurs with Adel, J.